OPINION OF THE COURT
Kenneth R. Fisher, J.
Plaintiff wife moves for an order of temporary spousal maintenance in the amount of $9,571.22 per month, that defendant comply with the production of documents requested from plaintiffs expert, T. Kevin Fahey, and for counsel fees of $750 for cost of this motion to compel documents discovery.
The parties were married on September 15, 1979. Plaintiff is a teacher in the Penfield, New York public schools and defendant husband is an attorney in private practice at Harter, Secrest & Emery. Defendant is not opposed to the payment of some temporary maintenance but maintains that plaintiffs requested amount exceeds her needs.
On the issue of spousal maintenance, in 2010, the Legislature provided a formula to calculate the presumptively correct amount of temporary spousal maintenance. The stated purpose of the new temporary spousal maintenance statute is to achieve some consistency and predictability in calculating the awards.
Section 236 (B) (5-a) (c) of the Domestic Relations Law provides the formula to calculate the presumptively correct award amount, which as applied to the parties’ admitted income levels (the court assumes the FICA and Medicare deduction supplied by plaintiff are correct as defendant has voiced no objection) is as follows.
Step 1
[[Image here]]
Step 2
Calculation #1
[[Image here]]
*234 Calculation #2:
[[Image here]]
Domestic Relations Law § 236 (B) (5-a) (c) (1) (d) provides that “the guideline amount of temporary maintenance shall be the lower” of two calculations, in this case $114,885 or $9,571 monthly.
Section 236 (B) (5-a) (e) (1) provides that
“[t]he court shall order the presumptive award of temporary maintenance in accordance with paragraphs c and d of this subdivision, unless the court finds that the presumptive award is unjust or inappropriate and adjusts the presumptive award of temporary maintenance accordingly based upon consideration of the following factors:
“(a) the standard of living of the parties established during the marriage;
“(b) the age and health of the parties;
“(c) the earning capacity of the parties;
“(d) the need of one party to incur education or training expenses;
“(e) the wasteful dissipation of marital property;
“(f) the transfer or encumbrance made in contemplation of a matrimonial action without fair considr eration;
“(g) the existence and duration of a pre-marital joint household or a pre-divorce separate household;
“(h) acts by one party against another that have inhibited or continue to inhibit a party’s earning capacity or ability to obtain meaningful employment . . . ;
“(i) the availability and cost of medical insurance for the parties;
“(j) the care of the children or stepchildren, disabled adult children or stepchildren, elderly parents or in-laws that has inhibited or continues to inhibit a party’s earning capacity or ability to obtain meaningful employment;
“(k) the inability of one party to obtain meaningful *235 employment due to age or absence from the workforce;
“(l) the need to pay for exceptional additional expenses for the child or children, including, but not limited to, schooling, day care and medical treatment;
“(m) the tax consequences to each party;
“(n) marital property subject to distribution . . . ;
“(o) the reduced or lost earning capacity of the party seeking temporary maintenance as a result of having foregone or delayed education, training, employment or career opportunities during the marriage;
“(p) the contributions and services of the party seeking temporary maintenance as a spouse, parent, wage earner and homemaker and to the career or career potential of the other party; and
“(q) any other factor which the court shall expressly find to be just and proper.”
In consideration of these factors, the court finds an award of the presumptive amount calculated above would be inappropriate and unjust because there are substantial marital assets subject to equitable distribution, and plaintiff has maintained a separate predivorce household for a period of SVa years prior to seeking temporary maintenance. Review of the parties’ statements of net worth indicate that approximately $2,440,000 of marital property is available for equitable distribution.
Moreover, plaintiff has maintained a predivorce separate household for years prior to seeking temporary maintenance. (Domestic Relations Law § 236 [B] [5-a] [e] [1] [g].) Plaintiff has been virtually self-supporting, aside from a $25,000 payment from defendant for a new car, for that period. This is not a case where the less moneyed spouse can be said to have forgone her own career or educational ambitions in favor of the more moneyed spouse. Plaintiff has realized her full earning capacity and is not in need of any additional education. Plaintiff has a Bachelor of Science degree, a permanent teaching certification, and a full-time permanent position paying $75,931 per year in the Penfield Central School District. These factors, together with the fact that a permanent maintenance award, if any given the extent of equitable distribution contemplated and plaintiffs ability to be virtually self-supporting in her current job, argue for a temporary maintenance award substantially less than the presumptive amount.
*236 However, as defendant concedes some maintenance should be paid, but not the full presumptive amount, and points out that plaintiffs earned income alone does not quite meet her reported current monthly expenses, it is appropriate in this case to order an amount of maintenance to allow plaintiff to meet her expenses. Defendant argues that plaintiff takes home $4,287 per month after taxes from her employment as a teacher. Plaintiffs claimed expenses are $5,886 per month. The difference being $1,599 per month. In addition, while the parties appear to live well within their means, some consideration for the parties’ standard of living during the marriage must be made. (Domestic Relations Law § 236 [B] [5-a] [e] [1] [a].)
Accordingly, the court awards maintenance in the amount of $3,000 per month, or $36,000 per year.
That branch of plaintiff’s motion regarding document discovery and attorney fees was resolved at oral argument with the offer to pay the $750.